## STEBBINS *v.* ROBBINS & a.

An intentional discharge of a mortgage is not necessarily invalid because executed under a material mistake of fact. · The question should be tried upon a full consideration of all the evidence bearing upon· it.

*Quære,* whether the question can be tried in a writ of entry to foreclose the mortgage.

WRIT OF ENTRY, on a mortgage. Trial by the court. The mortgage was made April 8, 1867, by one Forbush to the plaintiff,. upon a lot of land on Union street in Peterborough Centre village, to secure a note of $600. Forbush conveyed to one Day, by warranty deed dated April 1, 1872, and recorded the next day, a strip· of land forty-two feet in width across the westerly end of the mortgaged premises from Union street to the river, "together with a right of way twenty feet wide running from said street to said river east of the east line of the above described tract." Forbush occupied the rest of the mortgaged premises as his homestead until his death in 1880. April 15, 1880, administration· was granted on Forbush's estate, and the administrator subsequently sold by auction the interest of Forbush in the homestead, subject to the mortgage, upon which there was then due $853.33. The plaintiff was the purchaser, bidding and paying $50 for the interest of the Forbush estate in the premises subject to his mortgage. November 16, 1880, the administrator gave the plaintiff a deed of the homestead for the consideration of $50, subject to· the mortgage and to the widow's dower and homestead, "reserving a right of way twenty feet wide on the west side of said land as now used in connection with said Day's house and land." The widow released her right of dower and homestead; and the plaintiff executed the following discharge on the back of the mortgage, and it was recorded November 30, 1880, with the record of the mortgage: "I hereby discharge the within written mortgage for and in consideration of a deed of the within described premises from D. M. White, administrator of the estate of Ira Forbush, and a quit-claim deed from Hannah Forbush, widow of the said Ira Forbush, releasing her dower and homestead in the within described premises, which premises I bought November 16, 1880, at public auction, subject to this mortgage and note. Peterborough, N. H., November 17, 1880.

Witness: D. M. White. AMOS H. STEBBINS."

At the time of the purchase of the equity of redemption and the discharge of his mortgage, the plaintiff had no knowledge of the grant of the right of way in the deed from Forbush to Day, and no knowledge of any claim of a right of way extending from the street to the river. At the auction the bounds between the Day lot and the homestead were pointed out, and the plaintiff knew there was a way used in connection with the Day buildings, extending from the street to the rear of the buildings about one hundred feet, but no mention was made of a right of way extending to the river. Shortly after the purchase of the equity at the administrator's sale, the plaintiff sold and conveyed the Forbush homestead. His first knowledge of the claim of a right of way to the river was in 1889, when his grantee complained to him of an encumbrance on the land. The plaintiff's evidence tended to show that a right of way to the river would diminish the value of the homestead lot $300.

If the plaintiff had known that a right of way from the street to the river was granted by the deed from Forbush to Day, he would not have discharged his mortgage. This suit is brought to enforce the mortgage upon the Day lot (conveyed by Day to the defendant Robbins in 1881), upon the ground that the mortgage debt has not been paid or the mortgage discharged, the discharge having been made under a mistake of fact.

*James F. Briggs*, for the plaintiff.

*Frank G. Clarke*, for the defendants.

ALLEN, J. In many cases the law regards a mortgage as assigned, even if it is formally discharged; and in many cases it is discharged in law, notwithstanding a formal assignment. *Fletcher* v. *Chamberlin*, 61 N. H. 438, 468, and cases cited. Here was a formal discharge, and no claim of an assignment. In a writ of entry to foreclose a mortgage formally and intentionally discharged, the plaintiff contends that he is not barred by the discharge because he executed it under a material mistake of fact. Whether equity requires that he should be relieved, and his discharge cancelled or treated as invalid, is a question that should be tried upon a full consideration of all the evidence bearing upon it. There has been no such trial, and it is doubtful whether the question can be tried in this suit at law. If counsel think a bill in equity necessary, it can be filed as an amendment of the declaration, all parties interested being made parties. All material facts not being found (2 Jones Mort., *ss.* 870, 873, 966, 969), the case is discharged.

*Case discharged.*

CLARK, J., did not sit: the others concurred.